**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

RICARDO L. GABINO,

Petitioner,

v. Case No. 08-CV-606

MICHAEL DITTMAN, and ATTORNEY GENERAL OF THE STATE OF WISCONSIN,

Respondents.

---

## ORDER

On July 14, 2008, petitioner Ricardo L. Gabino filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After a jury trial in Walworth County Circuit Court, Gabino was convicted of hit and run involving great bodily harm, causing great bodily harm by intoxicated use of a vehicle, and causing great bodily harm by operating a motor vehicle with a prohibited alcohol content. Gabino was sentenced to ninety months in prison. Gabino is currently confined to the Kettle Moraine Correctional Institution in Plymouth, Wisconsin.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." *See id.* This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial

Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining Gabino's petition for timeliness. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

Here, it appears Gabino's petition is timely. According to the information provided in his federal habeas petition, Gabino's conviction became final on October 15, 2007, which was 90 days after the Wisconsin Supreme Court denied Gabino's petition for review. Gabino has until October 15, 2008, to file his petition. Therefore, Gabino filed his petition within the one-year limitation period mandated by Section 2244(d)(1).

The court continues its Rule 4 review by examining Gabino's petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required

to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269, 278 (2005). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, it appears that Gabino's federal habeas petition contains both exhausted and unexhausted claims. Gabino presents the following four claims for relief in his petition: (1) that evidence at trial was admitted in violation of his Fifth Amendment rights; (2) that Gabino was partially deprived of his right to a jury; (3) that Gabino was provided ineffective assistance of counsel; and (4) that Gabino was illegally interrogated while in custody for an unrelated offense. Gabino's first two claims were considered and rejected by the Wisconsin Court of Appeals, and the Wisconsin Supreme Court denied review. Therefore, these claims appear to have been fully exhausted in state court. Gabino states that he filed a motion for post-conviction relief in the Walworth County Circuit Court on the ground of ineffective

assistance of counsel. After the motion was denied, Gabino did not appeal. Therefore, it does not appear that Gabino exhausted all of his remedies in state court with respect to the ineffective assistance of counsel claim. Moreover, Gabino's fourth claim, as presented in his petition, does not appear to present a cognizable constitutional claim, nor does it appear to have been raised ever in a state court. Because Gabino's petition sets forth at least one claim that was not fully addressed by the state courts, the court dismisses Gabino's petition without prejudice. Gabino may refile a petition containing only non-frivolous constitutional claims that have been fully exhausted in state court. The statute of limitations remains in effect and, therefore, Gabino must file his petition by October 15, 2008.

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus be and the same is hereby **DISMISSED** without prejudice; petitioner may refile before the statutory period runs in a manner consistent with this order.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of September, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge